B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Wilfredo Segarra Miranda, Ch. 7 Trustee<br>PO Box 9023385<br>San Juan, P.R. 00902-3385 | **DEFENDANTS**<br>CLENDO OCCUPATIONAL HEALTH SERVICES, INC. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Wilfredo Segarra Miranda<br>PO Box 9023385<br>San Juan, P.R. 00902-3385<br>Tel. (787)725-6160 / (787)977-2288 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>■ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ■ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)

AVOIDANCE OF FRAUDULENT CONVEYANCE UNDER §§ 544, 548 AND 549 OF THE BANKRUPCTY

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
☐ 11-Recovery of money/property - § 542 turnover of property
☐ 12-Recovery of money/property - § 547 preference
■ 13-Recovery of money/property - § 548 fraudulent transfer
☐ 14 Recovery of money/property – Other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and a of co-owner §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
☐ 51-Revocation of Confirmation

**FRBP 7001(6) - Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(Continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
☐ 71-Injunctive relief - imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint | Demand $

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>CLENDO LAB. INC. | BANKRUPTCY CASE NO.<br>10-03931 BKT | |
| DISTRICT IN WHICH CASE IS PENDING<br>PUERTO RICO | DIVISIONAL OFFICE | NAME OF JUDGE<br>Bryan K. Tester |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>05/27/2011 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>**Wilfredo Segarra Miranda** | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

### IN THE UNITED STATES BANKRUPTCY COURT
### DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: <br><br> CLENDO LAB INC. <br><br> Debtor | CASE NO. 10-03931-BKT <br><br> CHAPTER 7 |
| WILFREDO SEGARRA MIRANDA, as Chapter 7 Trustee for the Estate of Clendo Lab Inc. <br><br> Vs. <br><br> Clendo Occupational Health Services, Inc. <br><br> Defendant | Adv. No. 11- <br><br> AVOIDANCE OF FRAUDULENT CONVEYANCE UNDER §§ 544 ,548 AND 549 OF THE BANKRUPCTY CODE and VIOLATION OF STAY §§ 362 |

### COMPLAINT

TO THE HONORABLE COURT:

Plaintiff, through his special counsel, for his complaint herein STATES AND PRAYS AS FOLLOWS:

### I. THE PARTIES

1. Plaintiff is the duly appointed, qualified and acting trustee of the estate of the above-named debtor.

2. Defendants, Clendo Occupational Health Services, Inc. [hereinafter referred to as "Clendo Occupational"] is a corporation incorporated under the laws of Puerto Rico.

### II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334.

4. This is a core proceeding under 28 U.S.C. §157(b)(2)(J).

5. Pursuant to 28 U.S.C. §1409, this is the proper venue for this adversary proceeding.

6. The statutory predicates for the relief sought herein are 11 U.S.C. § 362, 544, 548 and 549.

### III. GENERAL ALLEGATIONS

7. Debtor filed a voluntary petition for relief under Chapter 11 on May 10, 2010. The case was converted under Chapter 7 on December 14, 2010. Docket No. 1 and No. 243.

8. This adversary proceeding arises out of and relates to the Chapter 7 case of the debtor on the docket of this Court, and is commenced to set aside the transfer of all assets of Clendo Labs Inc. to Clendo Occupational Health Services.

9. Debtors officer Juan Rodriguez Becerra has claimed that by Corporate Resolution dated November 23, 2007, from Clendo Lab, Inc, authorizing the transfer of **all assets** to Clendo Occupational Services. The transfer was made without any consideration.

10. No actual transfer was made in fact or in law. The mere preparation of a Corporate Resolution transferring to an insider did not had the effect of transfer any agreement or Licenses of Clendo Labs Inc. to Clendo Occupational Health Services, Inc. This is evidenced by the fact that Clendo Occupational Health Services operated under Licenses and lease contracts of Clendo Labs Inc. at all time prior petition.

11. On April 13, 2011 Clendo Labs Inc, through its president, Idalia Becerra Lamberty made transfer in Commonwealth Health Department in favor of Clendo Occupational Health Services, Inc. without any consideration of License "Certificate of Necessity and Convenience" which is described in the Commonwealth Health Department as Certificate No. 11-066 before Certificate No. 07-095. (See **Exhibit A**). This occurred in fragrant violation of automatic stay.

12. An affidavit was signed by Idalia Becerra Lamberty, president of both, Clendo Labs Inc. and Clendo Occupational Health Services, on April 12, 2011 was the only attempt to transfer in fact the assets of Clendo Labs Inc. and Clendo Occupational Health Services, Inc. This occurred after filing of Bankruptcy in May 10, 2010. (See **Exhibit B**)

13. Clendo Lab Inc. and Clendo Occupational Health Services Inc. have same shareholders and directors who had knowledge of the filing of the Bankruptcy Procedure.

14. At the time of the alleged transfer in 2007 of all assets, Debtor was indebted to one or more creditor whose claims have not been satisfied. Even if the transfer was done in 2007, Clendo Labs Inc did not receive any monies, thus transfer was fraudulent.

15. The transfers were made with an actual intent to hinder, delay or defraud one or more of Debtor's then and future creditors in the collection of their claims.

- 3 -

16. Debtor did not receive reasonable equivalent value in exchange for this transfer of property.

17. At the time of transfer, April 13, 2011, Debtor and Defendant had knowledge of the bankruptcy procedure of Clendo Lab Inc, which began on May 10, 2010.

18. The transfer made is not authorized under any provision of the Bankruptcy Code, nor was it authorized by order of this Honorable Court.

19. The Trustee has authority to file this proceeding in accordance with Rules 6009 and 7001 *et seq.* of the Rules of Bankruptcy Procedure.

## IV. FIRST CAUSE OF ACTION TO SET ASIDE PROPERTY PURSUANT TO 11 U.S.C. §544 (b)

20. Plaintiff repeats and re alleges the allegations contained in paragraphs 7 to 19 of this Complaint, as if fully set forth herein.

21. The transfer of all assets by the Debtor to an insider made with an actual intent to hinder, delay or defraud one or more of Debtor's then and future is voidable under Article 1243 of the Civil Code of Puerto Rico, 31 L.P.R.A. §3492(3).

22. According to Article 1251, 31 L.P.R.A. § 3500, the transfer may be avoided within four years from the date of the transaction. Therefore, the present cause of action has been timely filed.

23. Transactions that include the transfer of all assets of a corporation need to comply with Commerce Code disposition for transfers in bulk, 10 LPR §61. According to this section the transfer is considered null and in fraud of

creditors in at least twelve (12) days before the intended transfer: A) an inventory of all assets in made that includes quantities and value of each assets to be transferred; B) A sworn list of creditors, with name, contact information and amount owed to each creditor is given to the purchaser, and, C)Purchaser notifies each creditor in person or by certified mail about the transfer proposed, the amount of gain and the terms and conditions of the action.

24. None of the requisites for transfer in bulk as requested by commerce code where done, thus the transfer is considered null and in fraud of creditors.

25. By virtue of the foregoing the transfer of property to Clendo Occupational Health Services, Inc. should be set aside pursuant to 11 U.S.C. § 544(b).

## V. SECOND CAUSE OF ACTION TO SET ASIDE PROPERTY PURSUANT TO 11 U.S.C. §544 (a)

26. Plaintiff repeats and re alleges the allegations contained in paragraphs 7 to 19 of this Complaint, as if fully set forth herein.

27. The alleged transfer of assets by the Debtor did not perfect in fact or in law. The mere preparation of a Corporate Resolution transferring to an insider did not have the effect of transfer any agreement or Licenses of Clendo Labs Inc. to Clendo Occupational Health Services, Inc. This is evidenced by the fact that Clendo Occupational Health Services operated under Licenses and lease contracts of Clendo Labs Inc. at all time prior petition.

28. Trustee have the right and power to avoid the fictitious transfer of assets to Clendo Occupational Health Services Inc. since alleged transfer is voidable (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists; (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

29. By virtue of the foregoing, the transfer of License to Clendo Occupational Health Services, Inc. should be set aside pursuant to 11 U.S.C. §544(a).

## VI. THIRD CAUSE OF ACTION TO SET ASIDE PROPERTY PURSUANT TO 11 U.S.C. §548(a)(1)

27. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 7 to 19 of this Complaint, as if fully set forth herein.

30. Attempt by Clendo Labs Inc to transfer in fact all assets to Clendo occupational Health Services occurred on April 12, 2011

31. Pursuant to the provisions of 11 U.S.C. §548(d) (1) the transfer of property to Defendant is deemed to have been made immediately before the date of the filing of the petition in bankruptcy and thus within the two year period provided by §548(a)(1).

32. Debtor made the transfer of property to Defendant with actual intent to hinder, delay or defraud various creditors to which the debtor was or became indebted.

33. Debtor received no value in exchange for the transfer of the above referenced real property.

34. By virtue of the foregoing the transfers of property to Clendo Occupational Health Services, Inc. should be set aside pursuant to 11 U.S.C. §548(a)(1).

## VII FOURTH CAUSE OF ACTION TO VOID POST PETITION TRANSACTIONS PURSUANT 11 USC §549

35. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 7 to 19 of this Complaint, as if fully set forth herein.

36. Attempt by Clendo Labs Inc to transfer in fact all assets to Clendo occupational Health Services occurred on April 12, 2011.

37. After the filing of the Bankruptcy Proceeding the president of Clendo Lab, Inc. Idalia Becerra Lamberty did not have standing to request or perfect the fraudulent transfer made through the Corporate Resolution and affidavit. Court did not authorize such transfer.

38. The alleged transfer was not made by the Trustee nor was authorize by the Court.

39. By virtue of the foregoing the transfers of property to Clendo Occupational Health Services, Inc. should be set aside pursuant to 11 U.S.C. §549.

## VIII. FIFTH CAUSE OF ACTION FOR DECLARATORY JUDGMENT/VIOLATION OF THE AUTOMATIC STAY PROPERTY PURSUANT TO 11 U.S.C. §362

40. Plaintiff repeats and re alleges the allegations contained in paragraphs 7 to 19 of this Complaint, as if fully set forth herein.

41. Plaintiff request that the Court adjudges:

   A) That transfer of all assets of Clendo Labs Inc, to Clendo Health Services Inc, was not perfected in fact or in law as of the date of filling the Bankruptcy Petition.

   B) That transfer made after the filing of the Bankruptcy Proceeding by the president of Clendo Lab, Inc., Idalia Becerra Lamberty is void since president did not have standing to request or perfect the fraudulent transfer made through the Corporate Resolution and affidavit.

   C) That transfer was made in violation of the stay and thus all such action is null and void.

   D) That any limitation periods applicable to the actions under Section 544, 548 or 549 are equitably tolled.

- 8 -

## VIII. RELIEF REQUESTED

**WHEREFORE,** Plaintiff respectfully requests the entry of judgment setting aside the transfer of property to Clendo Occupational Health Services, Inc. pursuant to 11 U.S.C. §§ 544(a); 544(b) and 548(a)(1), awarding the Plaintiff reasonable attorney fees in an amount to be fixed by the Court, and granting such other and further relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** in San Juan, Puerto Rico, this 27 day of May of 2011.

WILFREDO SEGARRA MIRANDA
ATTORNEY FOR CHAPTER 7
TRUSTEE
**Bar No. 126705**
P.O. Box 9023385
San Juan, PR 00902-3385
Tel. (787) 725-6160
Fax (787) 977-2288
Email: segarralaw@prtc.net

- 9 -

**Estado Libre Asociado de Puerto Rico**
**SECRETARIA AUXILIAR PARA REGLAMENTACION**
**Y ACREDITACION DE FACILIDADES DE SALUD**
Antiguo Hosp. Ruiz Soler, Bayamón, PR 00959

*CERTIFICADO NUM. 11-066*


Estado Libre Asociado de Puerto Rico
Departamento de Salud

A

## CERTIFICADO DE NECESIDAD Y CONVENIENCIA

**NOMBRE Y TIPO DE FACILIDAD:** **LABORATORIO CLINICO CLENDO LAB - SANTURCE**

**LOCALIZACION:** Calle Hipódromo 803, Parada 20, Santurce, PR

**DUEÑO:** Clendo Occupational Health Services, Inc.

**ACCION AUTORIZADA:** La organización corporativa que se incluye en el apartado correspondiente a **"Dueño"**, adquiere el título legal del laboratorio clínico arriba indicado.

Se deja sin efecto el Certificado Núm. 07-095.

Certifico que la acción aquí autorizada proveerá servicios necesarios para la población a ser servida y/o no afectará indebidamente los servicios existentes, contribuyendo a un desarrollo ordenado y adecuado de los servicios de salud conforme al **Artículo 3 de la Ley 2 del 7 de noviembre de 1975, según enmendada.**

En conformidad con la autoridad investida en mí por dicha Ley, por la presente, expido este **Certificado**, sujeto a las siguientes condiciones:

1. De no demostrarse progreso satisfactorio al cabo de 12 meses de la fecha de expedición, el Certificado se considera expirado. Peticiones de reconsideración para alterar lo autorizado o extender el período de vigencia, serán considerados conforme al Reglamento Administrativo y los planes de salud en vigor, al momento de ser radicadas las mismas, según apliquen.

2. El Certificado podrá ser revocado en cualquier momento, si se demuestra que la información ofrecida por el peticionario era incorrecta.

**LORENZO GONZÁLEZ FELICIANO, MD**
**SECRETARIO**

**13 de abril de 2011**
*Fecha*

YO, Lcda. Idalia Becerra Lamberty, mayor de edad, soltera por viudez, licencia de conducir número 175585, ejecutiva, y vecina de Guaynabo, Puerto Rico, bajo juramento declaro lo siguiente:

1. Soy de las circunstancias personales mencionadas.

2. Para el 23 de noviembre de 2007, fungía como Presidenta de la corporación Clendo Lab., Inc.

3. El 23 de noviembre de 2007, efectiva al 1 de enero de 2008, la Junta de Directores de Clendo Lab., Inc. emitió un certificado de resolución corporativa, mediante el cual se hizo constar la transferencia de los activos y pasivos de la división de medicina ocupacional de Clendo Lab., Inc., a la entonces nueva corporación Clendo Occupational Health Services, Inc.

4. La división de medicina ocupacional de Clendo Lab., Inc. fue transferida en su totalidad a Clendo Occupational Health Services, Inc., incluyendo los permisos, los certificados, y la licencia #320 del laboratorio clínico, que opera en las facilidades ubicadas en la Avenida Hipódromo #803, Parada #20, en Santurce, Puerto Rico.

5. Mediante la presente certifico, que la licencia #320 antes referida, debe ser registrada a nombre de "CLENDO OCCUPATIONAL HEALTH SERVICES, INC." en virtud de la transferencia de activos y pasivos, cuya certificación se acompaña.

6. Hago esta declaración jurada libre y voluntariamente, y todo lo declarado es la verdad, constándome de propio y personal conocimiento.

Y PARA QUE ASÍ CONSTE, juro y suscribo la presente en Guaynabo, Puerto Rico, hoy 12 de abril de 2011.

_____
Idalia Becerra Lamberty

Testimonio núm. -78-

Jurado y suscrito ante mí, por Idalia Becerra Lamberty, de las circunstancias personales antes descritas, y a quien por no conocer personalmente, DOY FE de haber identificado mediante licencia de conducir número 175585, expedida por el Departamento de Transportación y Obras Públicas del Estado Libre Asociado de Puerto Rico, que contiene foto y firma.

En Guaynabo, Puerto Rico, a 12 de abril de 2011.

_____
NOTARIO